CROMWELL ET AL. *v.* BARNES, ADM'X.

PLEADING.—*Decedents' Estates.—Action by Administrator.—Promissory Note.* —In an action by an administrator, on a promissory note payable to his decedent, it is sufficient to aver that such note is due and unpaid, without averring specially that it has not been paid to such decedent.

SAME.—*Profert of Letters.*—In a complaint by an administrator, it is unnecessary that he make profert of his letters of administration.

From the Jefferson Circuit Court.

*C. E. Walker* and *W. S. Roberts,* for appellants.

*C. L. Jewett,* for appellee.

Perkins, J.—Suit on a note.

The complaint follows:

" Louisa Barnes, administratrix of the estate of Francis M. Barnes, late of Clarke county, Indiana, deceased, com- plains of Joseph Cromwell and Laurentius Mace, and says, that the defendants, on the 15th day of October, 1873, by their certain promissory note, a copy of which is filed herewith and made part of this complaint, promised, six months from the date thereof, to pay to plaintiff's intes- tate the sum of one hundred and sixty-three dollars and five cents, with ten per cent. interest from date; that on the 16th day of January, 1873, said defendants paid on said note the sum of fifty dollars, and that the residue thereof, with interest, is due and unpaid. Plaintiff further says, that it was stipulated in said note, above mentioned, that, if said note should be collected by suit, the judg- ment should include a reasonable fee for plaintiff's attor- ney herein. Wherefore plaintiff prays judgment for one hundred and fifty dollars, and all other proper relief."

A copy of the note is appended to the complaint.

Judgment by default. Assessment of damages by the court.

No profert of letters of administration is made.

The only objections, made in this court, are to the com- plaint. They are two in number:

First. It is said to be defective in failing to allege specially, that the note had not been paid to the deceased payee; and,

Second. That it is defective in failing to make profert of the letters of administration.

The averment of non-payment of the note, being gen- eral, was broad enough to negative payment to said de- ceased.

Profert of letters was unnecessary. 2 R. S. 1876, p. 547, sec. 152.

The judgment is affirmed, with costs and five per cent. damages.